IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| FLOYD RUSHING AND TILDA RUSHING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-6075-CV-W-FJG |
| | ) |
| BANK NORTHWEST and MARK BUNTIN, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is defendant's Motion for Summary Judgment (Doc. # 24).

## I. BACKGROUND

On July 27, 2005, plaintiffs Floyd and Tilda Rushing filed a Complaint entitled "Petition to Vacate Judgment, Collateral Attack, for the Court Lacked Subject Matter Jurisdiction & Motion to Vacate Judgment and Part (2) the Granting of True Bill in Commerce to Issue." Plaintiffs are Missouri residents and Bank Northwest is a financial institution chartered by the Missouri Division of Finance to do business in the State of Missouri. Defendant Mark Buntin is also a resident of the State of Missouri. On September 13, 2004, the Bank filed a petition against the plaintiffs in the Small Claims Court of Caldwell County, Missouri seeking to recover overdraft charges of $1986.00. On January 18, 2005, the Circuit Court of Caldwell County entered judgment in favor of the bank in the amount of $2,060.30. Plaintiffs did not seek a review of the January 18,

2005 judgment, nor was an appeal timely filed. On August 5, 2005, the Caldwell County Sheriff's Department conducted a Sheriff's sale of Plaintiffs' 1994 automobile, which had been seized by the Sheriff of Caldwell County, Missouri. The money realized from the sale was $2,060.30 and was paid into Court on August 18, 2005 to satisfy plaintiffs' judgment debt to the Bank.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

2

## III. DISCUSSION

Defendants move for Summary Judgment because they state that the Court has no jurisdiction over plaintiff's claims. Defendants state that there is no diversity jurisdiction because all the parties are residents of the State of Missouri. Defendants also argue that federal question jurisdiction is also lacking because the plaintiffs have not alleged any claims in which they are challenging the Constitution, the law or treaties of the United States. Rather, the focus of plaintiffs' claims is revealed by the title of their Complaint: "Petition to Vacate Judgment, Collateral Attack." Defendants state that after the Caldwell County Circuit Court entered judgment, the Bank followed Missouri law in executing on that judgment by requesting that the Sheriff levy the plaintiff's property. After the property was levied, it was sold and the proceeds used to satisfy the debt. Defendants argue that these steps were all taken pursuant to Missouri law and provided plaintiffs with the necessary due process as required by the Constitution. Additionally, any appeal rights that the plaintiffs might have would have been provided by Missouri statute and the Missouri Supreme Court rules. The judgment was entered on January 18, 2005 and plaintiffs had until January 28, 2005 in which to file an appeal. Plaintiffs did not attempt to file an appeal until February 3, 2005. However, defendants argue that the appeal was of no effect, as it was six days late. Additionally, defendants argue that the seizure of the automobile was proper and they possessed a judgment against plaintiffs and were entitled to have their judgment satisfied. Defendants also state that the Sheriff was legally authorized to seize the vehicle, so no search warrant or prior notice were required and thus there are no Fourth Amendment concerns implicated. With regard to the Conversion claim, defendants state that this claim does not raise a

3

federal question as it is merely a state law claim between citizens of the same state. Defendants also argue that plaintiffs' reference to the Fair Debt Collection Practices Act does not raise a federal question as this Act does not apply to creditors that are collecting their own debts. 15 U.S.C. § 1692a(6). Defendants state that at all times, defendant Buntin was acting within the scope of his duties as an officer of Bank Northwest and thus no action can be maintained against either Buntin or the Bank.

Plaintiffs in their Suggestions in Opposition make no effort to controvert the defendants' Statement of Facts nor do they offer their own Statement of Facts. Instead, plaintiffs make a series of statements, none of which are supported by citation to the record or to legal authority. The remaining four pages of plaintiffs' Suggestions in Opposition are a number of statements taken from the Bible. Plaintiffs preface these statements with the request that the Court take into consideration these common law guidelines for Court Procedure, Fair Treatment and the Right to Be Heard in this Court.

In Poor Richard's Inc. v. U.S. Dept. of Agriculture, No. Civ. 97-700(JRT/RLE), 1998 WL 315380 (D.Minn. 1998), the Court stated:

> As a Federal Court, we have limited jurisdiction and may only hear matters which fall within our jurisdictional limits. . . . As a consequence, we have a primordial duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. . . . Hence, if it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Id. at *2 (internal citations and quotations omitted). See also, Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1002 (8th Cir. 1990), quoting, Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir.), cert. denied, 488 U.S. 967 (1988) ("Federal subject matter jurisdiction may be raised at any

time during litigation and must be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking.").

In the instant case, plaintiff's Complaint focuses on the actions taken by the Circuit Court of Caldwell County and the resulting seizure, levy and sale of their vehicle. However, this Court is not empowered to review actions taken by a state court. In Endeshaw v. Poston, No. Civ. 00-691 DWFAJB, 2001 WL 34624007, (D.Minn. June 29, 2001), the Court stated:

> Pursuant to the Rooker-Feldman doctrine, lower federal courts do not have jurisdiction over challenges to state court judgments. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). . . .The doctrine precludes both straightforward appeals and indirect attempts to undermine state court decisions. Id. The state and federal claims need not be identical and the federal action may be construed as a prohibited appeal essentially whenever the federal relief can only be predicated upon the determination that the state court decision was wrong. . . Furthermore, federal courts have been directed to abstain from accepting jurisdiction in instances where a grant of equitable relief would interfere with pending state proceedings in [a] way that offends principles of comity and federalism.

Id. at *1. In that case, the court found that plaintiff was requesting the federal court to interfere with actions that had been decided or were pending in his state criminal matter. Similarly, in this case, the plaintiffs are asking this Court to vacate the state court judgment entered by the Caldwell County Circuit court. This Court has no authority to review that judgment.

## IV. CONCLUSION

Therefore, because the Court is unable to ascertain any basis for federal subject

5

matter jurisdiction the Court hereby **GRANTS** Defendant's Motion for Summary Judgment (Doc. # 24) all other motions are hereby **DENIED as MOOT**.

Date: September 27, 2006  **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri  Fernando J. Gaitan Jr.
United States District Judge